**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 20-cr-20043 |
| JOHN T. SEEBAUER, | ) |
| Defendant. | ) |

**MOTION OF THE UNITED STATES FOR A PRELIMINARY
ORDER OF FORFEITURE, WITH SUPPORTING SUGGESTIONS**

NOW COMES the United States of America, by Gregory K. Harris, United States Attorney for the Central District of Illinois, and John D. Hoelzer, Assistant United States Attorney, and respectfully submits its Motion for a Preliminary Order of Forfeiture in the above-entitled case for the reasons set forth in the following supporting suggestions. A proposed order is submitted with this motion.

**SUPPORTING SUGGESTIONS**

1.　On July 7, 2020, a federal grand jury sitting in the Central District of Illinois returned a three count Indictment containing a forfeiture allegation against Defendant John T. Seebauer. Defendant was charged in Counts One and Two with Distribution of Child Pornography in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and (b)(1), and in Count Three with Possession of Child Pornography in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

2.      Pursuant to Rule 32.2(a) of the Federal Rules of Criminal procedure, the Indictment provided notice of criminal forfeiture to the defendant.  The Government seeks forfeiture, pursuant to Title 18, United States Code, Section 2253, of:  (a) any visual depictions or other matter containing such visual depictions which were produced, transported, mailed, shipped, received, or possessed as alleged therein; (b) any property, real or personal, constituting or traceable to gross profits and other proceeds obtained from the offenses alleged therein; and (c) any property, real or personal, used or intended to be used to commit or promote the commission of the offenses alleged therein, including, but not limited to, video recorders and accessories, cameras, computer hardware such as monitors, central processing units, keyboards, computer programs, software, computer storage devices such as disk drive units, disks, tapes, hard disk drives/units, peripherals, modems and other telephonic and acoustical equipment, printers, contents of memory data contained in and through the aforementioned hardware and software, tools, equipment, manuals and documentation for the assembly and use of the aforementioned hardware and software, including the specific equipment listed:

- HP Envy Touchsmart 15 Notebook computer, Serial No.: 5CG4041OD3;
- Imation external hard drive 250GB;
- Lexar 16GB USB flash drive; and
- Western Digital My Passport portable hard drive.

3.      On May 11, 2022, the defendant pled guilty to all counts of the Indictment pursuant to a plea agreement and agreed to the forfeiture of any and all rights, title, and interest in the property set forth in the Indictment,

including the specific equipment listed above.

    4.     Rule 32.2 (b)(1), (b)(2), and (b)(3), Federal Rules of Criminal Procedure, provide that:

    (a)     As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay. The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

    (b)     If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

    (c)     The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

    5.     Based upon the guilty plea by the defendant, the United States has established the requisite nexus between the items sought to be forfeited and the offense(s) to which the defendant has pled guilty. Accordingly, that

property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 2253.

6.   Upon the issuance of a Preliminary Order of Forfeiture and pursuant to Title 21, United States Code, Section 853, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this order and the Government's intent to dispose of the property in the manner prescribed by the Attorney General, and notice that any person other than defendant having or claiming a legal interest in the property must file a petition with the Court and serve a copy on John D. Hoelzer, Assistant United States Attorney, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.  Publication may consist of posting notice for a period of thirty days on www.forfeiture.gov, an internet site maintained by the U.S. Department of Justice.

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture forfeiting the aforesaid property to the United States and order the United States, or its agents or designees, to maintain custody of the

forfeited property and dispose of it in accordance with the law.

                              Respectfully submitted,

                              GREGORY K. HARRIS
                              UNITED STATES ATTORNEY

By: *s/John D. Hoelzer*
     John D. Hoelzer, IL Bar No. 6295098
     Assistant United States Attorney
     United States Attorney's Office
     318 South Sixth Street
     Springfield, IL 62701
     Telephone: 217-492-4450
     Email: john.hoelzer@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2022, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the counsel of record.

By: *s/John D. Hoelzer*
John D. Hoelzer, IL Bar No. 6295098
Assistant United States Attorney
United States Attorney's Office
318 South Sixth Street
Springfield, IL 62701
Telephone: 217-492-4450
Email: john.hoelzer@usdoj.gov